*Unpublished*

DOCKET NO. 45

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN 8 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

Re:   Master Key Antitrust Litigation

ORDER DECLINING TRANSFER

It appearing from the responses of the parties to the
order to show cause of April 20, 1970 that the convenience
of the parties and their witnesses would not be served nor
the just and efficient conduct of this litigation promoted
by the transfer at the present time of any of these actions
for coordinated or consolidated pretrial proceedings under
28 U.S.C. §1407, no transfer will be ordered at this time.
This order is entered without prejudice to the right of any
party to move for transfer under section 1407(c)(i)  nor
does it preclude later reconsideration by the Panel on its
own initiative under section 1407(c)(i).

FOR THE PANEL:

Alfred P. Murrah
Chairman

DOCKET NO. 45                                          SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

State of Connecticut v. Eaton Yale & Towne,          Civil Action
Inc., et al.                                         No. 70 C 591

### EASTERN DISTRICT OF PENNSYLVANIA

City of Philadelphia v. Emhart Corp.,                Civil Action
et al.                                               No. 70-352

Amherst Leasing Corp. v. Emhart Corp.,               Civil Action
et al.                                               No. 70-494

### WESTERN DISTRICT OF ARKANSAS

Morgan Supply Company v. P and F Corbin              Civil Action
et al.                                               No. FS-68-C-39

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 14 1971

IN RE MASTER KEY ANTITRUST)
LITIGATION                  )                DOCKET NO. 45


OPINION AND ORDER

_____


BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL


PER CURIAM

    This is the second time this matter has been before the

Panel for possible transfer for coordinated or consolidated

pretrial proceedings under 28 U.S.C. §1407.  The first time

there were only three relevant actions pending in two different

districts and all parties opposed transfer under §1407.  Ac-

cordingly  an order was entered on June 8, 1970 declining to

transfer any of these actions, but the order was without prej-

udice to the right of any party to move for transfer at a

later time.  Since that time six new actions have been filed

and there are now a total of nine related actions pending in

four different districts.  On October 6, 1970 defendants

Emhart Corporation, Sargent and Company, and ILCO Corporation

moved for transfer of all related actions to the District of

_____

*    Judge Stanley A. Weigel was unable to attend the hearing
in this matter but with the consent of all parties participated
in this decision.

2

Connecticut for coordinated or consolidated pretrial proceedings.1/

Since all parties *now* agree that transfer under §1407 is necessary there is no need for an extended discussion of the pending cases other than to point out that they involve both common questions of fact and, to some extent, overlapping or conflicting class action claims.2/ All parties agree, and we so find, that there are common questions of fact among these related civil actions and that the convenience of parties and their witnesses and the just and efficient conduct of this entire litigation would be served by a transfer to a single district for coordinated or consolidated pretrial proceedings.

The dispute between the parties, as is so often the case in multidistrict litigation, is not whether the actions should be transferred but rather to which district they should be transferred. However the parties take a rather parochial view of the "convenience factor." The defendants favor the

---

1/ On December 4, 1970, the fourth defendant, Eaton, Yale and Towne, Inc., joined in this motion.

2/ The background for these private antitrust actions was provided by four government civil actions filed in the District of Connecticut, one against each defendant and each charging separate vertical conspiracy between the defendant and its distributors. No horizontal conspiracy among the four manufacturers was asserted in any of the governments suits. Three of these actions were terminated by entry of a consent decree before any significant discovery had taken place. The fourth action, against Eaton, Yale and Towne Inc., is still pending in the District of Connecticut. The nine private antitrust actions contain somewhat broader allegations of a horizontal conspiracy among the four defendants as well as a conspiracy between each defendant and its distributors.

3

District of Connecticut, the New York plaintiffs[3]/ favor the Southern District of New York, the Philadelphia plaintiffs[4]/ favor the Eastern District of Pennsylvania, and the Chicago plaintiffs[5]/ originally favored the Northern District of Illinois. The exceptions are the Florida plaintiffs[6]/  who support consolidation and favor transfer to the Eastern District of Pennsylvania.

We think the District of Connecticut stands out as the most appropriate transferee forum.  At the time the motion was filed there were no private civil actions pending in Connecticut,[7]/ but since that time all three of the actions originally commenced in the Northern District of Illinois have been transferred to the District of Connecticut for all purposes pursuant to 28 U.S.C. §1404(a).  Where transfer under §1407 is preceded by transfer of some cases under 1404(a), the district selected by the transferor judge or judges and the reasons given

_____

3/    The City of New York, the New York City Housing Authority, The Board of Higher Education of the City of New York, the Board of Education of the City of New York and the State of New York.

4/    The City of Philadelphia and the Amherst Leasing Corp.

5/    The State of Connecticut, the State of Indiana and the Commonwealth of Pennsylvania.

6/    The State of Florida and the Bermar Construction Corp., the Hospital Development and the Miami International Merchandise Mart, Inc.

7/    Of course the presence of a related action in the transferee district is not a statutory prerequisite to transfer under Section 1407.

4

therefor are entitled to great weight in selecting the most
appropriate district for transfer of the remaining actions
under §1407.  *Cf.   In re Frost Patent Litigation,* 316 F. Supp.
977 (JPML 1970); *Hanover, New Hampshire Air Disaster Litigation,*
314 F. Supp. 62 (JPML 1970); *Dayton, Ohio Air Disaster Litigation,*
310 F. Supp. 798 (JPML 1970); *In re Westec Corp.,* 307 F. Supp.
559 (JPML 1969); *In re Koratron Patent and Antitrust Litigation,*
302 F. Supp. 239 (JPML 1969); *Hendersonville Air Disaster
Litigation,* 297 F. Supp. 1039 (JPML 1969); *Ardmore, Oklahoma
Air Disaster Litigation,* 295 F. Supp. 45 (JPML 1968).

A second reason for selecting the District of Connecticut
is the fact that all four defendant corporations are located
either in Connecticut or in an adjoining state, and most of the
witnesses and relevant documents are located *in or near*
Hartford, Connecticut.  In addition the fact that the four
government actions were commenced in the District of Connecticut
is a factor which favors the transfer of these private actions
to that district, although this factor is less significant
because little discovery has occurred in connection with the
government's suits.  *Cf.   In re Motor Vehicle Air Pollution
Litigation,* 311 F. Supp. 1349 (JPML 1970).

While it is unquestionably true that other districts
would be more convenient for individual plaintiffs, we "must
weigh the interests of all of the plaintiffs and all of the
defendants and must consider multiple litigation as a whole

5

in light of the purpose of the law." *In re Childrens Books
Litigation*, 297 F. Supp. 385 (JPML 1968). With this in mind
we are certain that the convenience of parties and their
witnesses and the just and efficient conduct of this entire
litigation would be served by transfer of this litigation to
the District of Connecticut.

The parties favoring transfer to the Eastern District
of Pennsylvania fear that transfer to another district will
substantially impede the progress of this litigation. They
point out that a comprehensive discovery schedule has been
established in the Eastern District of Pennsylvania and that
two national class actions have been approved. We commend
the early establishment both of class actions and discovery
schedules and we would be loath to take any action which
would delay the processing of complex and multidistrict
litigation but we see no reason why the transfer of these
cases to the District of Connecticut should result in any
delay in the proceedings. As to the existing discovery
schedule, the parties will, of course, be expected to comply
with all orders entered prior to transfer and requests for
delays or extensions should not be granted as a matter of
course. Counsel for some plaintiffs anticipate that immediately
upon transfer counsel for defendants will move to stay all
discovery until after the initial pretrial conference is
held by the transferee court. We think the better course

6

would be to follow the discovery schedule established in the

Eastern District of Pennsylvania until modified by the

transferee judge *after* the initial pretrial conference.

Indeed the *Manual for Complex and Multidistrict Litigation*

provides:

> Except in rare cases for good cause appearing,
> there should, however, be no stay of discovery
> which is not accompanied by positive plan for the
> expeditious accomplishment of discovery or
> disposition of the litigation without discovery.
> Part I, §1.1

Similarly, with regard to the national class actions established

by Judge Wood, [8] the transferee court can review and if necessary

modify the orders at any time.   Rule 23 F.R.C.P.

IT IS THEREFORE ORDERED that all actions listed on Schedule

A pending in other districts are hereby transferred to the

United States District Court for the District of Connecticut

for coordinated or consolidated pretrial proceedings pursuant

to 28 U.S.C. §1407.  With the consent of said court, [9] all

actions listed on Schedule A as well as all related actions

hereinafter filed in or transferred to the District of

Connecticut are hereby assigned to the Honorable M. Joseph

Blumenfeld for coordinated or consolidated pretrial proceedings.

---

[8]    *City of Philadelphia v. Emhart Corporation*, 50 F.R.D. 232,
(E.D. Pa. 1970)

[9]    The written consent of the Chief Judge of the District of
Connecticut to the assignment of the cases to Judge M. Joseph
Blumenfeld has been duly filed with the Clerk of the Panel.

SCHEDULE A                                              DOCKET NO. 45

### DISTRICT OF CONNECTICUT

State of Connecticut v. Eaton Yale & Towne,      Civil Action
  Inc., et al.                                   No. 14147    (*)

State of Indiana v. Eaton Yale & Towne,          Civil Action
  Inc., et al.                                   No. 14148    (*)

Commonwealth of Pennsylvania, etc. v.            Civil Action
  Eaton Yale & Towne, Inc., et al.               No. 14191    (**)

### SOUTHERN DISTRICT OF FLORIDA

State of Florida v. Emhart Corp., et al.         Civil Action
                                                 No. 70-1411-Civ.

Bermar Construction Corp., et al. v.             Civil Action
  Emhart Corp., et al.                           No. 70-1410-Civ.

### EASTERN DISTRICT OF PENNSYLVANIA

City of Philadelphia v. Emhart Corp., et al.     Civil Action
                                                 No. 70-352

Amherst Leasing Corp. v. Emhart Corp., et al.    Civil Action
                                                 No. 70-494

### SOUTHERN DISTRICT OF NEW YORK

The City of New York, et al. v. Emhart Corp.,    Civil Action
  et al.                                         No. 70-2417

State of New York v. Emhart Corp., et al.        Civil Action
                                                 No. 70-4164


(*)   Transferred from N.D. Illinois - 11/10/70
(**)  Transferred from N.D. Illinois - 12/8/70